*207 OPINION.
Siefiun :
In these proceedings the petitioners allege that the respondent erred in asserting additional income taxes for the year 1920. These petitioners received certain amounts out of a $300,000 fund out of the proceeds of the sale of stocks of the East Broad Top Eailroad & Coal Co. and the Eockhill Iron & Coal Co., for the purpose of distribution to certain old employees on account of the sudden termination of the business association and in recognition of the efforts and devotion of these officers and employees in the accession in the value of the stockholders’ property. The amounts so received were regarded by the petitioners as gifts and excluded from gross income in their returns. The respondent construed these *208 amounts to be compensation for services rendered and is asserting additional income and excess-profits taxes.
We are unable to distinguish this proceeding in principle from the case of Noel v. Parrott (C. C. A. 4th Cir.), 15 Fed. (2d) 669, sustaining this Board in the Appeal of John H. Parrott, 1 B. T. A. 1. In that case the general superintendent of a corporation received $35,000 by virtue of certain resolutions adopted by the executive committee of the corporation and approved by the board of directors. The first of such resolutions directed the officers of the company to secure a bid for the physical properties of the company or for the shares of stock and authorized them to sell the shares of the directors at $57 per share at any time subsequent to the distribution of $25 per share. The second resolution provided:
Resolved that a gratuitous appropriation equal in amount to $3 per share on the outstanding stock of the company be set aside out of the assets for distribution to certain officers and employees of the company, and that the executive committee be authorized to make such distribution as they deem wise and proper.
Immediately upon the approval of such resolutions by the board of directors, the executive committee passed a resolution directing that the appropriation authorized by the resolution last quoted be distributed as follows: $45,947 to the president of the corporation who was also a director, $45,947 to the treasurer and auditor, $35,000 to Parrott, $7,500 to the secretary, $5,000 to the assistant treasurer, and $6,400 to three clerks.
Later a contract was entered into between a purchaser and certain stockholders of the company providing for the purchase and sale of at least a majority and possibly all of the stock of the company at a fixed price. The contract of sale stated “ it being understood and agreed that the said coal company may, in addition to the dividend hereinabove'provided for, distribute a further sum in an amount equal to $3 per share on 48,598 shares of the outstanding stock, in such manner and for such purpose as the directors may by resolution decide in addition to the current expenses of the company.” Practically all of the stockholders turned in their stock and accepted the price offered by the purchaser and Parrott received $35,000 derived from the fund set up by the corporation pursuant to the resolution above quoted.
In this proceeding, although the first steps taken closely parallel the steps taken in the Parrott case, the transaction was completed in a different manner. Instead of the companies setting up the fund for the officers and employees, as was done in the Parrott case and was first proposed in this case, the purchasers, who previously had agreed to buy the shares of the stockholders for $2,729,400 under a contract providing for a “ gift ” of $150,000 from the assets of each company *209 before the shares were taken over by the purchaser, agreed to pay $3,029,400 without such contract.
The entire proceeds of the sale of stock, $3,029,400, were paid to the Philadelphia Trust Co. to be distributed as follows: $9,982.25 for expenses incident to the sale; $2,719,517.75 to stockholders, representing 46,687 shares at $58.25 per share; and the balance of $300,000 to be distributed to the old officers and employees of the two companies. Out of this fund the petitioners received the amounts in question here.
Just as in the Parrott case, the officers and employees received the amounts in controversy because of an agreement with the purchaser. Whether the purchasers permitted the company, the shares of which they purchased, to pay such amounts direct to the officers and employees or whether, a difficulty having been encountered with this method, a method was adopted by which-the purchasers increased the purchase price by such amounts and the entire purchase price was paid in to the trustee and by it distributed,—
in accordance with authority and resolutions now on file with you, relating to the distribution of $300,000.
the result obtained is identical and leads to the conclusion that the stockholders were not recipients of the additional $300,000 in any manner that would give them the right of free disposition of that amount. All that the stockholders were entitled to by their agreements depositing the stock was a minimum of $57 a share. The excess was to be used to pay the expenses of the sale and to pay the $300,000 to officers and employees. When these amounts were paid, and only when so paid, were the stockholders entitled to more than the $57.
Under such circumstances we can not adopt the contention of the petitioners that the relation was merely one of donor and donee between the stockholders and the petitioners. Whether or not a consideration flowed from the petitioners to the stockholders or to the corporation, we believe the existence of the agreements negative the contention that the receipt of the moneys constituted a gift. A gift is not dependent upon agreement but upon the voluntary act of the donor only. See Pickslay v. Starr, 149 N. Y. 432.
As said in the opinion of the Circuit Court of Appeals in Noel v. Parrott, supra:
When the sale was actually made, the terms of sale were so fixed that the officers and employees named in the resolution would receive the compensation therein provided. The payment to them, therefore, was not without consideration, as in ease of a gift. The consideration was their previous service to the company, the relinquishment of their position, the sale of their stock, and the efforts which they, or some of them, put forth to bring about the sale of all *210 of the stock of the corporation. If the payment to plaintiff and the other officers and directors had been concealed, it might have been subject to attack as a secret profit; but it appears that the facts were fully and fairly disclosed to the stockholders, and that they ratified the action taken, by the sale of their stock under the terms proposed. The $35,000 thus appears to have been additional compensation and profit legitimately realized by plaintiff, with the knowledge and consent of the other stockholders of the corporation.
The court concluded in the Parrott case that the amount received was not a gift but was taxable income.
We conclude that the transaction giving rise to the payments in question here do not satisfy us that a gift was intended and that the payments are of a taxable character under the very broad definitions of income in the Sixteenth Amendment, the Revenue Act in question, and decisions of the Supreme Court. Stratton’s Independence v. Howbert, 231 U. S. 399, 415; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 185; Eisner v. Macomber, 252 U. S. 189, 207. We also base our opinion upon the similarity in all essentials with what was done in Noel v. Parrott, supra.
Reviewed by the Board.

Judgment will be entered for the respondent.

Geeen, dissenting: The respondent relies on the case of Noel v. Parrott (C. C. A. 4th Cir.), 15 Fed. (2d) 669, sustaining the United States Board of Tax Appeals in Appeal of John H. Parrott, 1 B. T. A. 1, and that case is followed in the majority opinion. The facts in that case are not similar to those in the instant case.
In this case it is clear that the compensation previously paid was adequate. Here, contrary to the situation in the Parrott case, there was no diminution of corporate assets as the result of the payment. Here it was clear that the corporation would continue in existence, and equally clear that there were no secret profits such as the Circuit Court said might have been present in the Parrott case. Here it is clear that the amounts paid were not in satisfaction of any obligation of the corporation, because clearly all obligations to the employees had been fully satisfied.
The facts herein show that the $300,000 fund was created by the selling stockholders of the East Broad Top Railroad & Coal Co. and the Rockhill Iron & Coal Co. The sale was not a sale by the corporation. It is true that in preliminary negotiations a similar fund was proposed in which the fund was to be handled through the two corporations. In the plan that was finally consummated the entire proceeds of the sale of the stock, $3,029,400, was paid to the Philadelphia Trust Co. to be distributed as follows: $9,982.25 for expenses incident to the sale; $2,719,517.75 to stockholders, representing 46,687 shares at $58.25 per share; and the balance of $300,000 to be distributed to old officers and employees of the two companies.
*211 The essentials of a “gift” are intent to deliver gratuitously and without legal consideration, and a delivery, either actual or constructive, both purpose and execution of purpose being essential.
The petitioners herein were all officers or employees of one or the other of the two corporations which were sold. They had been fully paid by these corporations for all services rendered. They did not assist in any way in the negotiations relative to the sale. Their relations at all times had been with the corporations. There is no theory upon which consideration, as between the petitioners and the stockholders, can be established. On the other hand, the amounts received by these petitioners were paid, not by the corporation by which they had been employed, but by the stockholders of the corporations, with whom the petitioners had no contractual relationship. The situation is precisely the same as it would have been if the stockholders had made the payment to the employees of the corporations months before or months after the sale. The result reached in the majority opinion can only be arrived at by completely ignoring corporate entities. Judgment should be entered for the petitioners.